IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-133 |
| | ) |
| MARCIA CUNNINGHAM. | ) |

**OPINION and ORDER**

Presently before the Court is Defendant Marcia Cunningham's pro se Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).[1]  ECF No. 560.  She requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines.  The government filed a Response arguing that Ms. Cunningham does not qualify for a reduction.  ECF No. 580.   The Motion will be denied as Ms. Cunningham does not qualify under Amendment 821 for a retroactive reduction in her sentence.

I.  **Applicable Law**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Amendment 821 to the United States Sentencing Guidelines amended § 4A1.1(e) and created § 4C1.1, both of which provide a benefit to qualifying defendants, either through a lower criminal history score (§ 4A1.1(e)) or through a lower offense level (§ 4C1.1).  Amendment 821 became effective November 1, 2023.

---

[1] Pursuant to the Western District of Pennsylvania's Protocol for Review of Motions filed pursuant to Amendment 821, Ms. Cunningham's Motion was forwarded to the Office of the Federal Public Defender for review, which referral was also mailed to Ms. Cunningham.  The Federal Public Defender notified the Court that they would not being filing a counseled motion on behalf of Ms. Cunningham.

First, newly amended § 4A1.1(e) addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821 revises how such "status" points are calculated in favor of defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

Second, newly created § 4C1.1 provides for a two-level decrease in a defendant's offense level, if "the defendant did not receive any criminal history points from Chapter Four" and otherwise meets the remaining criteria of § 4C1.1. U.S.S.G. § 4C1.1(a)(1). As a result, qualifying defendants will now have a reduced offense level, which results in a reduction of their recommended guideline sentencing range.

Finally, relevant to both guideline sections, Amendment 821 has been made retroactive to offenders whose guideline sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment, are eligible to receive a reduced sentence. USSG § 1B1.10(a)(1), (d).

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. *Dillon v. United States*, 560 U.S. 817 (2010). At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 826. . Section § 1B1.10(b)(1) instructs a court to "determine the

amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## II. Discussion

At Step One, it is clear that Ms. Cunningham is not eligible for a sentence reduction under either of the guideline sections amended or created by Amendment 821. Ms. Cunningham is not eligible for a retroactive reduction under section 4A1.1(e), because she was not assessed any "status" points. Specifically, this Court did not find that Ms. Cunningham committed her offenses while under any criminal justice sentence, as set forth in § 4A1.1(e). Therefore, her criminal history score remains unaffected by application of section 4A1.1(e).

Ms. Cunningham is also not eligible for a sentence reduction under section 4C1.1. Section 4C1.1 only applies to offenders who have a criminal history score of zero. Ms. Cunningham's criminal history score was determined to be two. Consequently, Ms. Cunningham is not a zero-point offender eligible for a reduction in her sentence pursuant to § 4C1.1.

### III. Conclusion

Ms. Cunningham does not qualify for a retroactive reduction in her sentence pursuant to Amendment 821. An appropriate Order follows.

### ORDER

AND NOW, this 10th day of June 2024, it is hereby ORDERED that Marcia Cunningham's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), is DENIED.

s/*Marilyn J. Horan*
United States District Judge

Marcia Cunningham, pro se
Reg. No. 16258-509
FPC ALDERSON
FEDERAL PRISON CAMP
GLEN RAY RD. BOX A
ALDERSON, WV  24910